# JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JS CIV 6871

-------------------------------------------------------------------------X

TAJUANA MANNERS, SHANNA WILLIAMS, an Infant by her
M/N/G TAJUANA MANNERS, SHAYNA WILIAMS, an Infant
By her M/N/G TAJUANA MANNERS, SEAN BRYANT, JR.,
an Infant, by his F/N/G SEAN BRYANT, SELENA BROWN,
and ANTHONY MANNERS, an Infant, by his M/N/G
TAJUANA MANNERS

**COMPLAINT**

Index No.:

                  Plaintiff,

<u>Jury Trial Demanded</u>

      -against-

CITY OF YONKERS, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

-------------------------------------------------------------------------X

      Plaintiffs, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants,

respectfully alleges as follows:

## <u>Preliminary Statement</u>

    1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States. Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

    2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiffs TAJUANA MANNERS, SHANNA WILLIAMS, SHAYNA

WILLIAMS, SEAN BRYANT, JR., SELENA BROWN, and ANTHONY MANNERS  are

citizens of the United States, and at all relevant times a resident of the City of Yonkers and State

of New York.

7.      Defendant CITY OF YONKERS was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF YONKERS maintains the City of Yonkers Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, City of Yonkers.

9       That at all times hereinafter mentioned, the individually named defendants JOHN

and JANE DOE 1 Through 10, were duly sworn police officers of said department and were

acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of

Yonkers

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF YONKERS.

12.    Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF YONKERS.

## FACTS

13.    On May 3, 2007, at approximately 5:45 a.m., Plaintiffs were lawfully present inside their home, located at 28 Orchard Place, Apt. 3E in Yonkers, New York.

14.    At the aforesaid time and place, the defendants, members of the Yonkers Police Department, acting under color of law, entered the aforementioned residence with force under the guise of a purported search warrant. The officers used excessive force by battering plaintiffs TAJUANA MANNERS, SHANNA WILLIAMS, and SHAYNA WILLIAMS during the entry and search of the home. As a result of the excessive force employed by the police officers, plaintiff SHANNA WILLIAMS was caused to have a seizure. Notwithstanding, the officers unlawfully failed to obtain prompt and necessary medical treatment for SHANNA WILLIAMS' serious medical needs, and were otherwise deliberately and indifferent and negligent with respect to her medical needs. The plaintiffs were unlawfully imprisoned for an extended period of time without any probable cause or privilege. SHANNA WILLIAMS was ultimately taken to St. John's Riverside Hospital for treatment. The other family members remained in police custody while the home was maliciously ransacked and searched in an effort to find incriminating evidence that would justify the aforementioned acts of brutality. The defendants eventually released the plaintiffs from custody, and left the home in a state of disarray. The defendants'

3

conduct was extreme and outrageous, and beyond the scope of any purported actual or apparent authority.

15.    Plaintiffs also complain of the unlawful manner in which the home was searched, an of the unnecessary and unlawful property damage. In particular, he apartment which was in a neat, clean, and secure condition when the Yonkers officers entered the apartment, was unlawfully ransacked and completely trashed as a result of the incident. The following property, without limitation was damaged and/or destroyed as a result of the incident: wall, night stand, dresser drawers, lamps, kitchen cabinets, closets, DVD player. In addition, United States currency, cell phones, and an mp3 player, were taken from the plaintiffs, without permission or authority, and were never returned to plaintiffs

16.    In addition to the foregoing, because the defendants told hospital staff at St. John's Riverside that plaintiff TAJUANA MANNERS was under arrest at the time SHANNA WILLIAMS was taken to the emergency room, an investigation was opened by CPS.

17.    All of the above occurred while other Yonkers Police Officers failed to intervene in the illegal conduct described herein.

18.    As a result of the foregoing, Plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and constitutional rights, in addition to property damage and loss in an amount to be determined.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

19.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20.    All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

21.    All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

24.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

25.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of Plaintiffs' constitutional rights.

27.    As a result of the aforementioned conduct of defendants, Plaintiffs were subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants intentionally confined and detained the plaintiffs and held them in police custody for an extended period of time.

30.     The false arrest of the plaintiffs violated their Fourth and Fourteenth Amendment rights

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference to Medical Needs under 42 U.S.C. § 1983)

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants were aware of plaintiff SHANNA WILLIAMS' injuries and requests and need for medical attention while in their custody, yet chose to ignore plaintiff for an unreasonable period of time.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

35.     As a result of the foregoing, plaintiffs were deprived of his liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants had an affirmative duty to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by other officers.

40.     The defendants failed to intervene to prevent the unlawful conduct described herein.

41.     As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and were humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiffs sustained physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants, collectively and individually, while acting under color of state law,

7

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers Police Department included, but were not limited to, using unnecessary force in the context of home entries and searches.  In addition, the City of Yonkers engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiffs' rights as described herein.  As a result of the failure of the City of Yonkers to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF YONKERS has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

48.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers City Police Department, plaintiffs were unlawfully seized, beaten, detained, and/or subjected to physical abuse.

8

49.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

50.    All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

   A.    Not to be deprived of liberty without due process of law;

   B.    To be free from seizure and arrest not based upon probable cause;

   C.    To be free from false imprisonment/arrest;

   D.    To receive equal protection under law; and

   E.    To be free from the use of excessive force and/or the failure to intervene.

51.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

52.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of Yonkers, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54.    The City of Yonkers has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56.    Plaintiffs have complained with all conditions precedent to maintaining the instant action.

57.    Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

58.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

60.    As a result of defendant's conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

61.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants made offensive contact with plaintiffs without privilege or consent.

63.    As a result of defendant's conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

64.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

66.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF YONKERS.

67.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF YONKERS.

68.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

69.     As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants intentionally detained the plaintiffs and held them in police custody for an extended period of time without justification or privilege.

72.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Unlawful Property Damage under the laws of the State of New York)

73.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The defendants unlawfully searched and damaged plaintiffs' property without permission, authority, or any legal justification.

11

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

75.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Upon information and belief, defendant City of Yonkers failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

77.     Defendant City of Yonkers knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

78.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Upon information and belief the defendant City of Yonkers failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of Yonkers and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Defendant City of Yonkers is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

84.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        July 30, 2008

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main St., Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                              BRETT H. KLEIN

                                        Attorneys for the Plaintiffs

13